UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIAN PETTYJOHN,**

      Plaintiff,

vs.         CASE NO. _____

**AT&T CORP. (a New York corporation)
and DIRECTV SOUTH, LLC d/b/a
DIRECTV, LLC (a California company)
and CREDENCE RESOURCE
MANAGEMENT, LLC
(a Nebraska company),**

      Defendants.
_____/

## COMPLAINT
## JURY DEMAND

  1.  Defendant, AT&T Corp. and its subsidiary DirecTV South, LLC d/b/a DirecTV, LLC (collectively, "AT&T"), continues to demand money from Plaintiff when AT&T knows Plaintiff does not owe any money to AT&T and continues to take further actions to enforce the illegitimate debt, including sending the debt to a collection agency, and threating to report the debt to credit reporting agencies, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

2. Defendant, Credence Resource Management, LLC, falsely represented the character and amount of the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls and mailed letters into this District.

## PARTIES

4. Plaintiff, Brian Pettyjohn is a natural person and a citizen of the State of Florida residing in Pinellas County, Florida and all violations alleged herein occurred in Pinellas County, Florida.

5. Defendant, AT&T Corp. is a foreign business corporation organized and existing under the laws of the State of New York with its principal place of business at One AT&T Way, Bedminster, NJ 07921-0752. AT&T Corp.'s registered agent in Florida is C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

6. Defendant, DirecTV South, LLC d/b/a DirecTV, LLC ("DirecTV") is a subsidiary of Defendant, AT&T Corp. that is organized and exists under the laws of the State of California with its principal place of business at 2260 E. Imperial Highway, El Segundo, CA 90245. DirecTV's registered agent in Florida is C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

7. Through its subsidiaries such as DirecTV, AT&T Corp., provides residential broadcast satellite services to Florida residents such as Plaintiff Brian Pettyjohn.

8. Collectively, AT&T Corp. and DirecTV are referred to as "AT&T."

9. AT&T Corp. and DirecTV are both "persons" as that term is defined by Fla. Stat. § 1.01(3).

10. The FCCPA applies to any "person" collecting or attempting to collect a consumer debt. *E.g., Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906 (Fla. 2d DCA 2014); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 811-12 (Fla. 4th DCA 2002).

11. Defendant, Credence Resource Management, LLC ("CRM") is a foreign company organized and existing under the laws of the State of Nebraska with its principal place of business at 4222 Trinity Mills, Suite 260, Dallas, Texas 75287. CRM's registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

12. CRM regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

13. CRM regularly collects or attempts to collect debts for other parties.

14. CRM is a "debt collector" as that term is defined in the FDCPA and FCCPA.

15. CRM was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

16. Defendants seek to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, Defendants are attempting to collect an early cancellation fee of $20.00 per month for DirecTV residential broadcast satellite services. Hereinafter, referred to as "the alleged debt."

17. On or about August 22, 2019, Plaintiff entered into a 2-year contract with AT&T for DirecTV residential broadcast satellite services.

18. Plaintiff and AT&T expressly agreed to an early cancellation fee of $10.00 per month.

19. On or about May 13, 2020, Plaintiff cancelled the DirecTV residential broadcast satellite services.

20. On or about May 21, 2020, AT&T issued a final bill to Plaintiff asserting Plaintiff owed a $20.00 per month early cancellation fee for a total early cancellation fee of $320.00.

21. Plaintiff refused to pay the $20.00 per month early cancellation fee and told AT&T that pursuant to the contract the early cancellation fee was only $10.00 per month.

22. AT&T continued to contact Plaintiff both in writing and via telephone demanding that Plaintiff pay a $20.00 per month early cancellation fee.

23. On or about July 16, 2020, Plaintiff sent AT&T a copy of the contract showing the early cancellation fee was $10.00 per month not $20.00 per month.

24. Between July 28, 2020 and August 14, 2020, AT&T demanded at least four (4) separate times that Plaintiff pay the $20.00 per month cancellation fee and threatened to send Plaintiff to an independent third-party collection agency who AT&T represented may report the "delinquent debt" to credit reporting agencies "impacting [Plaintiff's] credit history in a negative way."

25. On August 20, 2020, AT&T received a second copy of the contract from Plaintiff showing the early cancellation fee was $10.00 per month and not $20.00 per month.

26. The correspondence that AT&T received from Plaintiff on August 20, 2020 provided notice to AT&T that Plaintiff had retained a lawyer with respect to the alleged debt and provided the name and telephone number of that attorney.

27. Upon receiving notice that Plaintiff was represented by an attorney, AT&T followed through with its' previous threats and sent the entire balance including the unlawful $20.00 per month cancellation fee to an independent third-party collection agency, Defendant CRM.

28. AT&T authorized CRM to communicate with Plaintiff in an attempt to collect the alleged debt from Plaintiff on its behalf.

29. On August 21, 2020, CRM called Plaintiff and caused AT&T to be displayed on Plaintiff's caller ID.

30. During the August 21, 2020 telephone call, CRM demanded that Plaintiff pay the $20.00 per month cancellation fee.

31. During the August 21, 2020 telephone call, Plaintiff refused to pay the $20 per month cancellation fee and told CRM not to call him again.

32. During the August 21, 2020 telephone call, CRM told Plaintiff it would continue to attempt to collect the alleged debt.

33. On August 21, 2020, CRM sent Plaintiff a collection letter demanding that Plaintiff pay the $20 per month early cancellation fee.

34. Defendants' actions caused Plaintiff to waste his time and money disputing the illegitimate fee and monitoring his credit reports, and caused Plaintiff to suffer anger, frustration, annoyance, and embarrassment.

35. Defendants' actions were willful.

## COUNT I
## VIOLATIONS OF THE FCCPA – AT&T

36. Plaintiff incorporates paragraphs 1 through 35 above as if fully set forth herein.

37. AT&T violated Fla. Stat. § 559.72(3) by telling Plaintiff that AT&T would disclose information affecting Plaintiff's reputation for credit worthiness to credit reporting agencies and an independent third-party collection agency without also telling Plaintiff that AT&T would also disclose the existence of Plaintiff's dispute to the credit reporting agencies.

38. By continuing to call Plaintiff demanding payment of the illegitimate early cancellation fee, and dunning Plaintiff four times in two weeks for an illegitimate early cancellation fee and threatening to send Plaintiff to collections and to damage Plaintiff's credit if he did not pay the illegitimate fee, AT&T engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat. § 559.72(7).

39. AT&T claimed, attempted, and threatened to enforce a debt that AT&T knew was not legitimate in violation of Fla. Stat. § 559.72(9).

40. By authorizing CRM to communicate with Plaintiff in an attempt to collect the alleged debt from Plaintiff on its behalf after AT&T knew Plaintiff was represented by an attorney with respect to the alleged debt, AT&T indirectly communicated with Plaintiff despite knowledge that Plaintiff was represented by an attorney in violation of Fla. Stat. § 559.72(18).

41. Pursuant to Fla. Stat. § 559.77(2), Plaintiff is entitled to statutory damages sustained as a result of AT&T's failure to comply with Fla. Stat. §§ 559.72(3), (7), (9), and (18).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against AT&T for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## DECLARATORY AND INJUNCTIVE RELIEF -AT&T

42. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

43. Pursuant to the FCCPA, Fla. Stat. § 559.77(2), Plaintiff seeks a declaration that AT&T does not have the right to bill Plaintiff an early cancellation fee of $20.00 per month and that AT&T's practice of billing consumers early cancellation fees that are not authorized by contract violates section 559.72(9) of the Florida Consumer Collection Practices Act, and further requests an injunction against such further practices by AT&T.

44. The count seeks a determination as to the rights of the parties relating to AT&T's practice of billing consumers early cancellation fees that are not authorized by contract.

45. This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86, Florida Statutes, and section 559.77(2) of the FCCPA.

46. By virtue of the facts recited above, an actual, justiciable controversy exists between the parties relating to their legal rights regarding the alleged debt.

47. Injunctive relief preventing AT&T from continuing to bill Plaintiff early cancellation fees that are not authorized by contract is required to protect Plaintiff from possible further collection activity by AT&T

including, but not limited to, reporting the illegitimate debt to credit reporting agencies as AT&T has already threatened to do, which could seriously affect Plaintiff's reputation and ability to obtain credit.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against AT&T for:

    a.    A declaratory judgment;

    b.    Injunctive relief;

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATIONS OF THE FDCPA - CRM

48.    Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

49.    CRM engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation 15 U.S.C. § 1692d when it told Plaintiff it would continue to attempt to collect the alleged debt after Plaintiff refused to pay the $20 per month cancellation fee and told CRM not to call him again.

50.    CRM violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the alleged debt.

51. CRM used a business name other than its true business name when it caused AT&T to be projected on Plaintiff's caller ID in violation of 15 U.S.C. § 1692e(14).

52. CRM violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by an agreement creating the debt.

53. Pursuant to 15 U.S.C. § 1692k Plaintiff is entitled to statutory damages sustained as a result of Defendant's failure to comply with 15 U.S.C. § 1692d, 1692e(2)(A), 1692e(14), and 1692f(1).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CRM for:

    a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ Kimberly H. Wochholz*
[  ] James S. Giardina
Fla. Bar No. 0942421
[X] Kimberly H. Wochholz – Lead Counsel
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*